UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JEREMY DEWAYNE FOSTER** | **CIVIL ACTION NO. 24-0401** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LONNIE NEIL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss [doc. #33] filed by Defendants Lieutenant Jamichael Grier, Sergeant John Stanley, Sergeant Latecha Mack, and Sergeant Curtis Harper. Defendants move to dismiss Plaintiff Jeremy Dewayne Foster's remaining claims, arguing that Plaintiff failed to exhaust his administrative remedies before he filed this proceeding.[1] *Id.* Plaintiff opposes the motion. [doc. # 37]. For reasons below, the Court should grant Defendants' motion and dismiss Plaintiff's remaining claims.

### Background

Plaintiff, a prisoner at David Wade Correctional Center ("DWCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately March 20, 2024, under 42 U.S.C. § 1983, naming the following Defendants: Warden Lonnie Neil, Colonel Roderick Malcolm, Kristen Harper, Sergeant Curtis Harper, Sergeant Stanley, Lieutenant Grier,[2] and Sergeant Mack.

In his initial pleading, Plaintiff states that he was transferred to DWCC on December 4,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] In an amended pleading, Plaintiff states that Sergeant Grier "is now Lt. Grier." [doc. # 10-1, p. 2].

2023. [doc. # 1, p. 3]. He claims that the same day, "for no reason" or "for an unknown offense," Warden Lonnie Neil, Colonel Roderick Malcolm, and Kristen Harper maliciously assigned him to the "cell blocks" in "level 1 maximum custody." [doc. # 1, pp. 3-4]. On December 4, 2023, following an "administrative review board," Warden Neil allegedly "gave [Plaintiff] 60 days [in] preventative level 1 maximum custody[.]" [doc. #s 1, p. 4; 10-1, p. 1]. Plaintiff describes "preventative level 1 maximum custody" as follows:

> [Y]ou are in the cell by yourself. You only have your legal work. You can only have a Flex Pen which is a little longer than your middle finger; 1 pair of shoes; 1 pair of shower slippers; 3 books; 10 pictures; only hygiene is a stick of deodorant; a short toothbrush which the bristles fall in your mouth after two good brushes; 3 shirts; 3 boxers; 3 socks. You only leave the cell to shower for 10 minutes. You have your recreation in a box in fence outside if it's not raining and you go everywhere in chains including the shower; once you make it to the shower they uncuff you. The body parts that are cuffed are your wrist and ankles. When you go on a callout the body parts that are cuffed is wrist double locked a chain around your waistline connected to the double lock of your wrist and leg shackles. [sic].

[doc. # 10, p. 5].

On January 30, 2024, following a "segregation review board," Colonel Malcolm and Kristen Harper allegedly "gave [Plaintiff] preventative Seg. Level 2[.]" [doc. #s 1, p. 4; 1-2, p. 6]. Plaintiff describes "preventative Seg. Level 2" as follows: "[A]ll the same except that you can order 30 dollars canteen and you can order certain clothes off of Prison Enterprise and you go to the shower with no restraint. [sic]." [doc. # 10, p. 5]. Plaintiff states that in both Level 1 and 2: "You have to strip naked to go outside in the cage and the law library guy comes down the tier once a week. [sic]." *Id.*

As of approximately April 21, 2024, Plaintiff remained in the cell blocks. [doc. #s 1, pp. 3-4; 5, p. 3; 10, p. 6]. He suggests, however, that as of April 3, 2024, he was in an even less restricted custody level, writing that he could walk to the dining hall, use a real pen, be free from

2

restraint, go outside and play basketball or look at the sky, shake another inmate's hand, watch television, and use a telephone more than once each week. [doc. #s 10, p. 6; 10-1, p. 5]. That said, he alleges that "the law library guy still comes once a week," he can "still only shave once a week," and he is "still in a cell." *Id.*

Plaintiff claims that on December 5, 2023, Lieutenant Grier and Sergeants Curtis Harper, Stanley, and Mack maliciously and deceptively destroyed his property, which he ordered from Prison Enterprise. [doc. #s 1, pp. 3-4, 7; 1-2, pp. 2-4; 10-1, p. 2]. He was able to send some property home; however, he suggests this did not ameliorate any deprivation because he is unable to use the property at his home, and he cannot send his property back to the facility. [doc. #s 5, p. 4; 10, p. 4]. He was able to retain 10 pictures, 7 books, 3 boxers, 3 shirts, 3 pairs of socks, and legal work. [doc. # 10-1, p. 2]. Plaintiff maintains that "all prisoners" in the Department of Corrections order from Prison Enterprise. *Id.* at 4. In an amended pleading, he "contends that David Wade had a policy of destroy[ing] inmates' property and mak[ing] them send it home." [doc. # 10, p. 6]. He did not have an opportunity to challenge the deprivation of his property or the policy before defendants destroyed his property. [doc. # 15, pp. 1-2].

Plaintiff seeks declaratory relief, compensatory damages, the termination of officers' employment, and the imprisonment of officers. [doc. #s 1, p. 8; 5, p. 4].

On June 10, 2024, after a preliminary review of Plaintiff's pleadings, the undersigned recommended that the Court retain Plaintiff's federal and state law claims concerning the destruction of his property against Lieutenant Grier, Sergeant Stanley, Sergeant Mack, and Sergeant Curtis Harper in their individual capacities. The undersigned recommended that the Court dismiss Plaintiff's remaining claims, including his requests to prosecute Defendants and terminate their employment.

On June 24, 2024, the Court adopted the Report and Recommendation and "dismissed with prejudice as frivolous and for failing to state claims on which relief may be granted: Plaintiff Jeremy Dewayne Foster's claims against Warden Lonnie Neil, Colonel Roderick Malcolm, and Kristen Harper; Plaintiff's official capacity claims against Lieutenant Grier, Sergeant Stanley, Sergeant Mack, and Sergeant Curtis Harper; and Plaintiff's requests to prosecute defendants and terminate their employment." [doc. # 24].

On August 20, 2024, Defendants Grier, Harper, Stanley, and Mack filed the instant Motion to Dismiss. [doc. # 33]. Plaintiff opposed the motion on approximately August 26, 2024. [doc. # 37]. Defendants did not file a reply.

## **Law and Analysis**

A. Motion to Dismiss Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although

4

the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319 (1989).

When a movant bears the burden of proof on an issue, she must establish "beyond peradventure[3] all of the essential elements of the claim . . . to warrant judgment in h[er] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish her right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

B. Exhaustion Principles

Under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory even where the relief sought cannot be granted by the

---

[3] I.e., beyond doubt.

administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle,* 534 U.S. 516, 524 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua,* 342 Fed. App'x. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford,* 548 U.S. at 89-93). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id.*

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted). An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton,* 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). Exhaustion also applies to claims brought against defendants in their official and/or individual capacities. *See, e.g.*, *Williams v. Henagan,* 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas,* 76 Fed. App'x. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

Exhaustion is an affirmative defense; thus, the burden is on the defendant to establish that the plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010). If a defendant meets this burden, a court has no discretion to excuse the plaintiff's failure. *Gonzales v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012).

A court can dismiss a case for failure to state a claim "predicated on failure to exhaust . . . ." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Affirmative defenses, including non-exhaustion, may be appropriately asserted on a 12(b)(6) motion. *Luebano v. Office Depot, L.L.C.*, 2023 WL 4249268, at *3 (5th Cir. June 29, 2023) (unpubl.). However, dismissal on this

6

basis is appropriate only if the defense is evident on the face of the complaint. *Id*. (citing *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006).

C. <u>Analysis</u>

Defendants maintain that Plaintiff's pleadings reveal that he failed to exhaust his administrative remedies at DWCC before filing this proceeding. [doc. # 33-1, p. 2]. Defendants cite 22 LA. ADMIN. CODE Pt I § 325, which sets forth the administrative remedy procedure for offenders in the custody of the Louisiana Department of Public Safety and Corrections.[4] "[T]he Department of Public Safety and Corrections installed in all of its adult institutions a formal grievance mechanism for use by all offenders committed to the custody of the department. The process bears the name Administrative Remedy Procedure (ARP). Offenders are required to use and complete all steps in the procedure properly, including obeying all rules of the procedural process, before they can proceed with a suit in federal and state courts. No action shall be brought in a federal or state court with respect to prison conditions by any offender confined in any jail or correctional facility until all available administrative remedies are properly exhausted." *Id.* § (D)(1).

As above, Plaintiff claims that Defendants destroyed his property. Under Section 325(F)(3), "These procedures shall constitute the administrative remedies for . . . lost property claims." Section 325(L), contains specific provisions for lost property claims: "The purpose of this section is to establish a uniform procedure for handling lost property claims filed by offenders in the custody of the department of Public Safety and Corrections."

In Plaintiff's first operative pleading, he stated that there was a "prison grievance

---

[4] Plaintiff states in an amended pleading that DWCC is "a facility for DOC. inmates[.]" [doc. # 10, p. 3].

7

procedure" at DWCC and that he did *not* "file an administrative grievance based upon the same facts which form the basis of this lawsuit." [doc. # 5, p. 2]. He stated that he did not file an administrative grievance because "[a]An A.R.P.[5] is not a judicial proceeding; Art. III of U.S. Const. I'm not entitled to do one. This is a const. violation 8th Amend. [sic]." *Id.* In an amended pleading, Plaintiff stated:

> he is not entitled[6] to file a A.R.P. because A.R.P. means → Procedure for allowing a person to assert a right to some kind of relief before an administrative agency. Non-judicial remedy provided by agency, board, commission, or the like. The following act that was done was a constitutional tort in violation of the U.S. Constitution 8th Amendment. No A.R.P. can fix a constitutional violation because the act will be lead on by another actor or the agency of the state. Article III of U.S. Const says in cases where state versus citizen, 7th Amendment states I have a right to jury trial in civil suit at common law where controversy shall exceed twenty dollars. Clearly this case is well over $20 dollars easily. [sic].

[doc. # 10, p. 4].

In Plaintiff's opposition to Defendants' motion, he does not argue that the administrative remedy procedure under Section 325 was unavailable at DWCC; nor does he contest Defendants' argument that he failed to initiate and complete the administrative remedy procedure. Rather, Plaintiff concedes that he did not exhaust his available administrative remedies, essentially reiterating his contention from his pleadings that he is simply not required to exhaust his administrative remedies:

> Plaintiff has a right to file suit and not do an A.R.P.; A.R.P. is not a judicial proceeding and I am not entitled to follow procedural rules when I know the law. Defendants are asking for dismissal on procedural grounds, which 28 usca 2072(b) such rules shall not abridge, enlarge or modify any substantive rights; basically you can't make rules against the U.S. Const. or Amendment. I have a

---

[5] By "A.R.P.," Plaintiff presumably refers to the administrative remedy procedure or process.

[6] Although Plaintiff uses the word, "entitled," it appears through context that he means he was not *required* to file an administrative grievance.

8

right to my property to be taken, it has to be in the court of law. [sic].
[doc. # 37, p. 2].

Plaintiff's legal theory is, however, incorrect. To reiterate, under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory. *Woodford,* 548 U.S. at 85. All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter,* 534 U.S. at 524. The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532; *see also Gillette v. Jackson*, 2021 WL 4452783, at *1 (5th Cir. Sept. 28, 2021) (opining, where the plaintiff conceded that he failed to comply with grievance procedures but argued that he was "was not limited to" the grievance procedure because it was "a means of obtaining relief and not a requirement," that the plaintiff's contentions were without merit).

It is evident from the faces of Plaintiff's pleadings that his claims are unexhausted. Plaintiff concedes that he did not exhaust his administrative remedies, relying on an erroneous understanding of the law. As he did not exhaust the claims before he filed suit, he does not present claims on which relief may be granted. Accordingly, the Court should dismiss Plaintiff's remaining claims.

Although dismissal for failure to exhaust administrative remedies is typically without prejudice,[7] the Court is authorized to dismiss Plaintiff's claims with prejudice with respect to his right to re-file them in forma pauperis ("IFP"):

---

[7] *See, e.g., Cooper v. Quarterman,* 342 Fed. App'x. 12, 13 (5th Cir. 2009).

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled—that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff's] action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock,* 549 U.S. 199, 216 (2007)).

The foregoing approach is appropriate here. If Plaintiff exhausts his administrative remedies with respect to the claims here, he may present the claims again, but he may not proceed in forma pauperis to do so.

Finally, the Court should deny Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), a party may assert lack of subject-matter jurisdiction as a defense by motion. FED. R. CIV. P. 12(b)(1). However, "a prisoner's failure to exhaust administrative remedies does not deprive courts of subject matter jurisdiction in suits covered by the [Prison Litigation Reform Act]." *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010).

## **Recommendation**

For the reasons above, **IT IS RECOMMENDED** that defendants' motion to dismiss for failure to state a claim on which relief can be granted be **GRANTED** and that Plaintiff Jeremy Dewayne Foster's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies but **WITH PREJUDICE** for purposes of proceeding in forma pauperis under 28 U.S.C. § 1915.

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss for lack of subject-matter jurisdiction be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 20th day of November, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge